UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE ALLSUP, | ) | CASE NO. 3:11 CV 2216 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| ROBERT WELCH, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Wayne Allsup filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254 on October 18, 2011. Petitioner is incarcerated in the Toledo Correctional Institution, having been convicted of complicity to failure to comply with an order of a police officer, complicity to felonious assault on a peace officer, vehicular vandalism, complicity to vandalism, and obstructing official business. For the reasons stated below, the petition is denied and this action is dismissed.

**Factual and Procedural Background**

Allsup's petition is very brief and contains very few facts. Petitioner and his brother, Joseph Henry Allsup, stopped at Jumpin' Jimmy's store in Kenton, Ohio on April 3, 2009. *See State v. Joseph Henry Allsup*, No. 6-10-09, 2011 WL 332734 (Ohio App. 3 Dist. Jan. 31, 2011). Petitioner went into the store to purchase beer while Joseph Henry remained in the driver's seat of his truck.

Kenton Police Officer Deckling entered the store and recognized Petitioner. *Id.* at *1. He recalled there was an outstanding warrant for Petitioner's arrest and returned to his police cruiser to verify the information. *Id.* When Petitioner returned to the truck, Officer Deckling approached the vehicle and informed Petitioner he was under arrest. At this point, Petitioner turned to his brother and said, "Let's go, dude." *Id.* The brothers fled in the truck. Officer Deckling returned to his cruiser and pursued the truck with his lights flashing. *Id.*

After pursuing the truck for one mile, Officer Deckling noticed that the truck had stopped suddenly in the middle of the road. *Id.* He stopped the cruiser approximately fifteen feet behind the truck. Petitioner's brother then put the truck into reverse and rammed into the police car. The impact crumpled the hood of the cruiser and broke the headlight. Officer Deckling suffered an injury to his leg. *Id.* The Officer, however, was able to continue to pursue the truck because the impact did not completely disable his car. He radioed dispatch for assistance. As the truck continued down the road, Petitioner threw things at Deckling and other officers who joined the pursuit. *Id.* Petitioner and his brother were eventually apprehended when Defendants placed stop sticks in the road to flatten the truck's tires. *Id.*

Petitioner was indicted on May 5, 2009 in the Hardin County Court of Common Pleas on charges of complicity to failure to comply with an order or signal of a police officer, complicity to felonious assault on a peace officer, vehicular vandalism, complicity to vandalism, and obstructing official business. His case proceeded to trial on February 24, 2010 and the jury returned a guilty verdict on all counts on February 25, 2010. The trial court sentenced him to ten years and six months in prison.

Petitioner filed a direct appeal of his conviction in the Ohio Court of Appeals on March 9,

2010. *See Ohio v. Wayne Timothy Allsup*, Nos. 6-10-06, 6-10-07, 2011 WL 334204 (Ohio App. # Dist. Jan. 31, 2011). He asserted three grounds for relief:

> 1. The trial court committed error prejudicial to the defendant by not granting the defendant's motion for acquittal as to counts one and two of the indictment.
>
> 2. The trial court committed error prejudicial to the defendant in that the defendant's convictions were against the manifest weight of the evidence presented at trial and the jury clearly lost its way.
>
> 3. The trial court committed error prejudicial to the defendant in finding him guilty of a community control violation absent proper procedural due process.

*Id.* at *2, *7. In his first assignment of error, Petitioner argued that the trial court erred in denying his Ohio Crim. R. 29(A) motion for acquittal because motor vehicles are not deadly weapons, per se, under Ohio Revised Code § 2903.11(A)(2). *Id.* In his second assignment of error, based on the same argument, he asserted that his convictions on the complicity offenses were against the manifest weight of the evidence. *Id.* His final assignment of error challenges the trial court's separate finding that he violated the terms and conditions of his community control release. *Id.* The Court of Appeals affirmed his conviction on January 31, 2011. *Id.*

Petitioner claims he appealed that decision to the Ohio Supreme Court, but does not indicate the grounds for relief he raised. The Ohio Supreme Court did not accept his appeal for review. *See State v. Allsup*, 128 Ohio St. 3d. 1514 (table)(June 8, 2011). He states he filed no other petitions, applications, or motions with respect to this judgment.

### Habeas Petition

Petitioner asserts one ground for relief in this petition:

> The trial court committed prejudicial error to the petitioner as the

convictions were against the manifest weight of the evidence presented at trial and the jury was clearly biased by the error and misdirection of the trial court.

(Pet., ECF # 1 at 2.) He contends the "probative evidence was slanted and misused." (Pet., ECF # 1 at 2.)

### Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). In advancing such goals, Section 2254(d) places constraints on "the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams*, 529 U.S. at 412. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. In addition, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414. If under state law there remains a remedy that a petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot entertain the merits of the claim. 28 U.S.C. § 2254(c).

A habeas court, however, need not wait for exhaustion if it determines that a return to state court would be futile. *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001). Where there is no remedy still available to the petitioner in state court, the habeas court may deem the claim procedurally defaulted. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). The Court may also excuse exhaustion where the federal constitutional claim is plainly without merit and "it would be a waste of time and judicial resources to require exhaustion." *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991).

**Analysis**

Petitioner's only ground for relief is that his convictions were against the manifest weight of the evidence. He does not provide any explanation of this claim in his petition so it is difficult to determine whether this is the same argument he asserted in the Ohio Court of Appeals. It is unclear that Petitioner exhausted all of his state court remedies before proceeding to federal court. Nevertheless, manifest evidence challenges are not cognizable in a claim for habeas relief. Exhaustion of state court remedies is therefore excused.

A challenge to the manifest weight of the evidence requires the reviewing court to consider and re-weigh the evidence presented at trial and to resolve issues of credibility in order to determine whether the jury lost its way and created such a manifest miscarriage of justice as to require reversal. *Morris v. Hudson*, No. 5:06CV2446, 2007 WL 4276665, at *2-4 (N.D. Ohio Nov. 30, 2007). A federal habeas court, however, "expressly may not undertake to weigh evidence, resolve conflicts in testimony, or otherwise make its own determination of guilt or innocence." *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). The question of whether a verdict is against the manifest weight of the evidence is one of state law and, to the extent that a federal habeas petitioner bases a claim upon

state law, such a claim does not state a cognizable basis for habeas relief. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2011